UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

           Plaintiff,

     v.

ANTHONY KANE, et al.,

           Defendants.

No.  2:17-cv-0026 KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

I.  Introduction

        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         For the reasons discussed below, plaintiff's complaint should be dismissed, and leave to

5    amend should not be granted.

6    II.  Screening Standards

7         The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

20   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21   1227.

22        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

23   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

27   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

28   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

1   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

2   the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

3   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

4   In reviewing a complaint under this standard, the court must accept as true the allegations of the

5   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

6   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

7   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8   III.  Discussion

9       A.  Due Process Right to Be Heard

10      First, plaintiff alleges that he was denied the right to be heard at the 2009 Board of Prison

11  Hearings ("Board") parole consideration hearing because he was denied the opportunity to

12  present a rebuttal after the Board gave their reasons for the denial.  Plaintiff names as defendants

13  Governor Brown, Board Chairman Kane, Board Member Moezsinger, and two Secretaries of the

14  CDCR.

15      The doctrine of res judicata bars the re-litigation of claims previously decided on their

16  merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).  "The

17  elements necessary to establish res judicata are:  '(1) an identity of claims, (2) a final judgment on

18  the merits, and (3) privity between parties.'"  Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-

19  Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).

20  "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the

21  records of that court show that a previous action covering the same subject matter and parties had

22  been dismissed.'"  Headwaters, Inc., 399 F.3d at 1055 (quoting Evarts v. W. Metal Finishing Co.,

23  253 F.2d 637, 639 n.1 (9th Cir. 1958)).  The doctrine "'relieve[s] parties of the costs and vexation

24  of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions,

25  encourage[s] reliance on adjudication.'"  Dodd v. Hood River Cnty., 59 F.3d 852, 863 (9th Cir.

26  1995) (quoting Allen, 449 U.S. at 94).

27      Court records confirm that plaintiff raised this due process claim in his prior habeas

28  petition.  Oshay Johnson v. Board of Parole Hearings, No. 2:11-cv-2748 GGH (E.D. Cal. Jan. 4,

3

1   2012).  The district court addressed the claim on its merits, finding that during the June 3, 2009

2   parole hearing, plaintiff "was present, represented by counsel, and both counsel and [plaintiff]

3   presented many, many arguments to the Board and responded to the Board's questions."  Id.

4   (ECF No. 6 at 1.)  The court found that plaintiff did not have a right to be heard once the Board

5   stated its decision,[1] received all the process due under Swarthout v. Cooke, 562 U.S. 216 (2011),

6   and dismissed the case.  Board of Parole Hearings, No. 2:11-cv-2748 GGH, at 2.  Moreover, in

7   that action, plaintiff sued the Board of Parole Hearings and the State of California, who are in

8   privity with the defendants named herein:  Board members, State of California officials and

9   corrections officials.  Because "there is privity between officers of the same government," a

10  judgment in one suit between a party and a representative of the United States precludes

11  relitigation of the same issue between that party and a different government officer in a later suit."

12  Sunshine Anthracite Coal, Inc., 310 U.S. 381, 402-03 (1940); see also Nordhorn v. Ladish Co., 9

13  F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is

14  the virtual representative of the other, a claim by or against one will serve to bar the same claim

15  by or against the other.") (citation omitted); see also Nelson v. Brown, 2014 WL 1096189 at *7

16  (S.D. Cal. 2014) (warden named in habeas petition and correctional officers named in civil rights

17  action in privity).  Here, there is sufficient commonality of interests to apply res judicata against

18  all defendants in this case.  All defendants have interests closely aligned with the Board in the

19  prior case.

20          Therefore, because there is an identity of claims, a final judgment on the merits, and

21  privity among the parties, res judicata bars relitigation of plaintiff's due process claim alleging he

22  was denied the right to be heard at the 2009 parole hearing.

23          Second, as a sub-part of his first claim, plaintiff alleges he was denied the right to be heard

24  for seven years because the Board failed to schedule a hearing for seven years.  (ECF No. 1 at

25  11.)  Plaintiff claims that the Board acknowledged and agreed that his 2009 hearing was late, and

26

27  [1] The court further noted that "the Ninth Circuit has held that a petitioner does not have
the right to be heard after he is granted parole by the Board, and then the grant is reversed by the
governor.  Styre v. Adams, 645 F.3d 1106, 1108-09 (9th Cir. 2011)."  Board of Parole Hearings,

28  No. 2:11-cv-2748 GGH, at 2.

that plaintiff had missed approximately three hearings.  Plaintiff states he should have had his

initial hearing in 2002.

However, court records reflect that plaintiff first presented his claim concerning the seven

year delay in Johnson v. Yates, No. 1:09-cv-1355 OWW SMS (E.D. Cal.).  Warden Yates was a

named respondent.  In that action, plaintiff claimed the Board violated his due process and equal

protection rights when it delayed his initial parole consideration hearing by seven years.  Id.  The

court dismissed the challenge as barred by the statute of limitations, and as failing to state a

cognizable constitutional claim.  Id. (May 14, 2010 Order).  The district court's dismissal of the

earlier filed petition constitutes a decision on the merits.  McNabb v. Yates, 576 F.3d 1028, 1029

(9th Cir. 2009) ("[D]ismissal of a habeas petition as untimely constitutes a disposition on the

merits.)  Plaintiff raised the seven year delay again in Johnson v. Dickinson, No. 2:10-cv-1841

MCE EFB, but the petition was dismissed on the grounds that the claim was successive.  Id.

(Aug. 31, 2011 Findings & Rec.; Ord. adopting Sept. 30, 2011).

Thus, there is an identity of claims, a final judgment on the merits, and privity among the

parties, as discussed above, res judicata bars relitigation of plaintiff's due process claim alleging

he was denied a Board hearing for seven years.

B.  Calculation of Minimum Eligible Parole Date ("MEPD")

In his second claim, plaintiff alleges that the Ex Post Facto Clause was violated by the

application of a new CDCR policy being applied in 2011 to calculate plaintiff's MEPD (sub-

argument B).  (ECF No. 1 at 15.)  Plaintiff concedes that his sub-argument B was addressed in a

later habeas petition filed in Johnson v. Duffy, No. 2:13-cv-1962 DAD (E.D. Cal. Aug. 13, 2014).

Warden Duffy was the named respondent.  In Duffy, the court stated:

> "there is no Ex Post Facto Clause violation when prison procedures
> change, to the prisoner's detriment, in response to an authoritative
> state court decision correcting an administrative body's previously
> erroneous application of state law."  See Madrid v. Trimble, No.
> ED CV 12-0962 PSG (SS), 2013 WL 5951971 at *6-*7 (C.D. Cal.
> Nov. 6, 2013) (rejecting petitioner's claim that CDCR violated the
> Ex Post Facto Clause when it changed its method for calculating an
> MEPD because CDCR's changes were dictated by California court
> decisions) (citing Mileham v. Simmons, 588 F.2d 1279 (9th Cir.
> 1979)); Holguin v. Raines, 695 F.2d 372 (9th Cir. 1982)).

1   Duffy, No. 2:13-cv-1962 DAD at 4.  The court dismissed the petition for failure to state a

2   cognizable claim for federal habeas corpus relief.  Because there is an identity of claims, a final

3   judgment on the merits, and privity among the parties, as discussed above, res judicata bars

4   relitigation of plaintiff's sub-argument B.[2]

5        C.  Marsy's Law/Ex Post Facto Claim

6        In his second claim, plaintiff alleges the Ex Post Facto Clause was violated by the

7   application of Marsy's Law at his 2009 hearing (sub-argument A).  Plaintiff concedes that this

8   sub-argument A was raised in No. 2:11-cv-2748 GGH, but claims that the court dismissed the

9   claim without prejudice finding that plaintiff was part of the class action Gilman v. Fisher, No.

10  2:05-cv-0830 LKK GGH (E.D. Cal.).  (ECF No. 1 at 16.)  Court records confirm that plaintiff's

11  ex post facto claim was dismissed without prejudice on December 2, 2011.  See No. 2:11-cv-2748

12  GGH (ECF No. 4 at 3.)  Plaintiff argues that he "never consented to be part of the [Gilman] class

13  action," and contends that because he is not a life term inmate convicted of murder he should not

14  be part of the class.  In any event, plaintiff argues that this claim was never heard on the merits.[3]

15  (ECF No. 1 at 17.)

16       In Gilman v. Brown, 110 F. Supp. 3d 989 (E.D. Cal. 2014) ("Gilman I"), rev'd and

17  remanded, 814 F.3d 1007 (9th Cir. Feb. 22, 2016), which held that the application of Marsy's

18  Law[4] (Proposition 9) to California State prisoners who have been sentenced to a life term with the

19  _____

20  [2]  Plaintiff appealed the district court's decision, and the district court declined to issue a
    certificate of appealability.  Johnson v. Duffy, No. 15-15900 (9th Cir.).  The Ninth Circuit stayed
21  the appeal pending Gilman.  On October 28, 2016, the Ninth Circuit lifted the stay and denied the
    request for a certificate of appealability because the petition failed to state any cognizable habeas
22  claims debatable among jurists of reason.  The Ninth Circuit also stated that the denial of the
    certificate of appealability did not preclude plaintiff from pursuing conditions of confinement
23  claims in a properly filed civil action under 42 U.S.C. § 1983.  Here, however, plaintiff's MEPD
    claim is barred by res judicata, rendering the claim legally frivolous.  When claims are barred by
24  res judicata, or claim preclusion, a complaint is frivolous and fails to state a claim.  See Franklin,
    745 F.2d at 1230 (affirming dismissal of plaintiff's claims as "frivolous or malicious" where the
25  request for damages was barred "under the doctrine of res judicata").

26  [3]  Plaintiff filed an appeal of the decision in No. 2:11-cv-2748 GGH, but the Ninth Circuit
27  declined to issue a certificate of appealability.  Id.

28  [4]  Under Marsy's Law, the minimum deferral period between parole hearings was increased from

1    possibility of parole for an offense that occurred before November 4, 2008, violated the Ex Post

2    Facto Clause.  Gilman I, 110 F. Supp. 3d at 1012.  Plaintiff contends that application of Marsy's

3    Law to his parole hearing violated the Ex Post Facto Clause.[5]

4         Plaintiff falls within the Gilman class.  See Gilman I, 110 F. Supp. 3d at 990 (the plaintiff

5    class in Gilman is comprised of "all California State prisoners who have been sentenced to a life

6    term with possibility of parole for an offense that occurred before November 4, 2008.").  Before

7    2008, plaintiff was convicted of attempted premeditated murder, and sentenced to life with the

8    possibility of parole.  (ECF No. 1 at 5.)  Although he claims he did not consent to be a Gilman

9    class member, he did not allege that he opted out of the Gilman class.  Assuming he did not opt

10   out of the class, plaintiff cannot maintain an independent ex post facto challenge.  See Acinelli v.

11   Holland, 2016 WL 5662048, at *5 (C.D. Cal. July 22, 2016) (Adopted in full Sept. 28, 2016); see

12   also Gilman v. Fisher, 2:05-cv-0830 LKK CKD P, ECF No. 296 at 2, 2010 U.S. Dist. LEXIS

13   143678, at *3 (Order filed Dec. 10, 2010).

14        Nevertheless, even if plaintiff could maintain an independent ex post facto challenge after

15   Nettles, any such challenge is foreclosed by the Ninth Circuit's decision in Gilman v. Brown, 814

16   F.3d 1007 (9th Cir. 2016) ("Gilman II"), which reversed Gilman I and held that Proposition 9's

17   deferral provisions do not violate the Ex Post Facto Clause.  Gilman II, 814 F.3d at 1016-17.  See

18   Montalvo v. California Dep't of Corr., 2016 WL 4096407, at *5 (E.D. Cal. Aug. 2, 2016)

19   (adopted in full Aug. 30, 2016).  In other words, the Ninth Circuit has foreclosed any claim that

20   plaintiff seeks to raise that the Board's application of Proposition 9 to his parole hearing violates

21   the Ex Post Facto Clause.

22   ////

23   ────────────────────────────────

24   one to three years, and the maximum deferral period from five to fifteen years.  Gilman v.
     Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).

25   [5]  The Ninth Circuit has held that unless a state prisoner's claim lies at the core of habeas corpus,
26   it may not be brought in habeas corpus but must be brought, "'if at all,' under § 1983."  Nettles v.
     Grounds, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc).  Claims that lie in the "core of
27   habeas corpus" are those that, if successful, would "necessarily lead to . . . immediate or earlier
     release from confinement."  Id. at 935.

28

7

1

D.  Statute of Limitations

2      Because plaintiff was aware of his alleged injuries on or before his parole hearing on June

3  3, 2009, his claims are barred by the statute of limitations.  Federal law determines when a claim

4  accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the

5  injury that is the basis of the cause of action."  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.

6  2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).  Because

7  section 1983 contains no specific statute of limitations, federal courts should apply the forum

8  state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th

9  Cir. 2004); Maldonado, 370 F.3d at 954.  California's statute of limitations for personal injury

10  actions was extended to two years effective January 1, 2003.  Cal. Civ. Proc. Code § 335.1; Jones,

11  393 F.3d at 927; Maldonado, 370 F.3d at 954-55.  However, the new statute of limitations period

12  does not apply retroactively.  Maldonado, 370 F.3d at 955.  California law also tolls for two years

13  the limitations period for inmates "imprisoned on a criminal charge, or in execution under the

14  sentence of a criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1.

15      Liberally construed, plaintiff had four years from the 2009 parole hearing to file suit.

16  Plaintiff's complaint was signed on January 1, 2017, over three and a half years too late.

17  Therefore, plaintiff's claims are barred by the statute of limitations.

18

IV.  Leave to Amend?

19      As set forth above, federal courts are instructed to "freely give leave [to amend] when

20  justice so requires." Fed. R. Civ. P. 15(a)(2).  Although the court would generally grant plaintiff

21  leave to amend in light of his pro se status, amendment is futile in this instance because the

22  deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

23  2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002)

24  (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend);

25  see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint

26  seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of

27  habeas corpus).

28  ////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    Director of the California Department of Corrections and Rehabilitation filed concurrently

7    herewith.

8    3.  The Clerk of the Court is directed to assign a district judge to this case; and

9    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

10   These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, plaintiff may file written objections

13   with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

15   failure to file objections within the specified time may waive the right to appeal the District

16   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  March 20, 2017

18

19   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

20   john0026.56

21

22

23

24

25

26

27

28

9